UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:24-cr-0006-AKB-3 |
| Plaintiff, | |
| | **MEMORANDUM DECISION AND ORDER RE DKT. 195** |
| v. | |
| JUAN CARLOS DELFIN, | |
| Defendant. | |

Before the Court is Defendant's Objection (Dkt. 195) to the Government's Notice of Intent (NOI) to Present Evidence under Rule 404(b) of the Federal Rules of Evidence (Dkt. 187). Defendant moves to exclude the evidence which is the subject of the NOI. Per the parties' request, the Court construes Defendant's objection as a motion in limine and the Government's argument and authorities in its NOI as an opposition. Given the result and proximity to trial, the Court will not require further briefing and despite this posture, the Government agreed with proceeding with a decision during the November 25 pretrial conference.

Having reviewed the record and the parties' submissions, the Court finds that the facts and legal arguments are adequately presented and that oral argument would not significantly aid the decisional process. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); Fed. R. Crim. P. 1(a)(1); Fed. R. Civ.

MEMORANDUM DECISION AND ORDER - 1

P. 78(b).[1] For the reasons explained below, the Court overrules Defendant's objections and denies his motion.

## BACKGROUND

Defendant is charged with conspiracy to distribute methamphetamine "beginning on or about June 1, 2023, and continuing through November 30, 2023," and with possession with intent to distribute methamphetamine on November 30, 2023 (Dkt. 175). Trial is scheduled for December 8, 2025.

The Government timely filed its NOI under Rule 404(b) (Dkt. 187). In that NOI, it states it intends to offer two categories of evidence at trial under Rule 404(b), including evidence of Defendant's 2017 conviction for distribution of more than ten grams of methamphetamine and of his involvement in the drug trafficking organization since 2020 (*id.* at 3). Defendant objects to this evidence, arguing it is inadmissible under Rule 404(b), and regardless, the evidence's probative value does not substantially outweigh the danger of unfair prejudice under Rule 403 of the Federal Rules of Evidence.

## LEGAL STANDARD

Motions in limine are a "procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Like other pretrial motions, motions in limine are "useful tools to resolve issues which would otherwise clutter up the trial." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017). A motion in limine should not be used, however, to resolve factual disputes or weigh evidence. *C&E Servs.,*

---

[1]     While this case is a criminal case, the local civil rule regarding hearings applies because there is no corresponding criminal rule. See Dist. Idaho Loc. Crim. R. 1.1(f); *see United States v. Rush*, No. 22-cr-00045-DCN, 2024 WL 2245574, at *1 n.1 (D. Idaho May 16, 2024) (citing local rules as basis for declining to hold hearing on pending criminal motion).

*Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). Further, rulings on motions in limine are provisional and are "not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000). As such, "a ruling on a motion in limine is essentially a preliminary opinion that falls entirely within the discretion of the district court." *City of Pomona*, 866 F.3d at 1070; *see Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

## ANALYSIS

Rule 404(b)(1) prohibits the admission of "other crimes, wrongs, or acts" when offered only to prove a defendant's propensity to commit the charged offense. Rule 404(b) permits such evidence, however, for any non-propensity purpose including "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Evidence is admissible under Rule 404(b) if: (1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) the act is similar to the offense charged. *United States v. Torres*, 824 Fed. App'x 467, 469 (9th Cir. 2020). Even where these requirements are met, however, a court must still exclude the evidence if its probative value is substantially outweighed by a danger of unfair prejudice under Rule 403. *United States v. Haischer*, 780 F.3d 1277, 1281-82 (9th Cir. 2015).

### A.    The 2017 Methamphetamine Distribution Conviction

The Government intends to offer a 2017 certified judgment of conviction for Defendant's distribution of more than ten grams of methamphetamine (Dkt. 187 at 3). Additionally, it intends to offer the testimony of an investigating officer about the conduct underlying this conviction, namely that in September 2017, Defendant possessed approximately 32 grams of

methamphetamine located in a vehicle he was driving (*id.*). The Government asserts this evidence is relevant to proving Defendant's "knowledge of the methamphetamine found in the vehicle he was towing to his co-defendant's residence," "his knowledge of the tools needed to distribute substances," and "his intent to distribute such substance" (Dkt. 187 at 4).

Defendant objects to the evidence regarding his 2017 conviction as "too remote in time" (Dkt. 195 at 4). Specifically, he argues that the conviction occurred in 2017 "approximately eight years before the trial in this case" and "several years before the start of the charged conspiracy in around 2020" (*id.* at 4-5).

The Ninth Circuit has "consistently held that evidence of a defendant's prior possession or sale of narcotics is relevant under Rule 404(b) to issues of intent, knowledge, motive, opportunity, and absence of mistake or accident in prosecutions for possession of, importation of, and intent to distribute narcotics." *United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005) (quotation omitted). It has not, however, "identified a particular number of years after which past conduct becomes too remote." *Id.* at 1019 (quotation omitted). By way of example though, the Ninth Circuit has concluded a defendant's twelve-year-old conviction for the "possession for sale of marijuana and sale or transport of marijuana" is not too remote in time to a charge of "conspiracy to distribute and possess with intent to distribute cocaine. *Torres*, 824 Fed. App'x at 470; *see also id.* (noting *Vo* affirmed admission of thirteen-year-old conviction).

Based on this authority, the Court concludes Defendant's eight-year-old conviction is not too remote in time to the conduct for which he has been charged in this case. Further, it concludes the 2017 conviction is sufficient to support a finding that the Defendant committed the act of which he was convicted; the act was similar to the offense charged here; and it tends to prove a material point. Further, the Court concludes Rule 403 does not warrant exclusion of the 2017 conviction

and related conduct. The probative value is high because the evidence substantially informs about the mental-state elements of the offenses, and the risk of unfair prejudice can be mitigated through redactions to the judgment and an appropriate limiting instruction.

Finally, without more information about the evidence to be admitted, the Court also disagrees with Defendant's assertion that the evidence is cumulative. Accordingly, if Defendant challenges his knowledge, intent, or other factors identified Rule 404(b), the 2017 conviction and a brief description of the underlying conduct-as described in its motion in limine-will be admissible. The Government, however, shall propose a redacted version of the 2017 certified judgment before trial. The Court expects, for example, information related to sentencing or terms of supervision will be redacted.

## B.    Witness Testimony Regarding Trafficking Activity Beginning in 2020

The Government also intends to offer the testimony of "multiple witnesses" describing Defendant's "involvement in this drug trafficking organization dating back to early 2020," including "his role," "the methods by which he and his co-conspirators distributed methamphetamine," "his methods of coercion to ensure" his couriers' cooperation; and "his knowledge of the distribution network" (Dkt. 187 at 3). Defendant objects to the Government's proffer, arguing that the testimony is "unrelated to the charged conspiracy," occurred before the charged conspiracy in this case, is "not intrinsic to the charged conspiracy," and has minimal probative value (Dkt. 195 at 7-10).

Presently, the Court has inadequate information to rule on the admissibility of the testimony of "multiple witnesses." Without more details, the Court cannot determine whether unidentified testimony from unidentified witnesses satisfies the requirements of Rule 404(b) and Rule 403. In particular, the Court is concerned about the link between conduct occurring in 2020 to 2022 and

the alleged conspiracy which occurred between June and November 2023. Absent such a link, evidence of Defendant's 2020 to 2022 conduct may not be probative of the charged conspiracy. Accordingly, the Court reserves ruling on this issue until trial.

Ultimately, admissibility will depend on the foundation laid, the questions posed, and Defendant's trial defense. Nonetheless, as a general matter, and consistent with the Ninth Circuit's Rule 404(b) framework, the Court does not find that testimony concerning prior, similar drug-distribution activity is categorically improper under either Rule 404 or Rule 403, provided the Government elicits such testimony for a permissible non-propensity purpose.

## ORDER

For the reasons stated above, IT IS ORDERED:

1.  Defendant's Objection to Government's Notice of Intent to Present Evidence Pursuant to Fed. R. Evid. 404(b) is **DENIED in part** and **RESERVED in part**.

2.  The Government may admit a redacted version of Defendant's 2017 certified judgment of conviction and limited testimony regarding the conduct underlying that conviction as allowed by Rule 404(b), when relevant to its case-in-chief or its rebuttal case.

3.  If Rule 404(b) evidence is admitted, the Government shall provide the Court a proposed limiting instruction.

4.  The Court will address Defendant's other objections to Rule 404(b) evidence at trial.

DATED: November 26, 2025

Amanda K. Brailsford
U.S. District Court Judge