## INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

## INSTRUCTION NO. 2

The indictment is not evidence. Mr. Delfin has pleaded not guilty to the charges. Mr. Delfin is presumed to be innocent unless and until the Government proves he is guilty beyond a reasonable doubt. In addition, Mr. Delfin does not have to testify or present any evidence. Mr. Delfin does not have to prove innocence; the Government has the burden of proving every element of the charges beyond a reasonable doubt.

# INSTRUCTION NO. 3

Proof beyond a reasonable doubt is proof that leaves you firmly convinced Mr. Delfin is guilty. It is not required that the Government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that Mr. Delfin is guilty, it is your duty to find Mr. Delfin not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that Mr. Delfin is guilty, it is your duty to find Mr. Delfin guilty.

## INSTRUCTION NO. 4

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits received in evidence; and

Third, any facts to which the parties have agreed.

## INSTRUCTION NO. 5

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence, and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must ~~do so.~~

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## INSTRUCTION NO. 6

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## INSTRUCTION NO. 7

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## INSTRUCTION NO. 8

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that Mr. Delfin did not testify.

## INSTRUCTION NO. 9

You are here only to determine whether Mr. Delfin is guilty or not guilty of the charges in the indictment. Mr. Delfin is not on trial for any conduct or offense not charged in the indictment.

## INSTRUCTION NO. 10

A separate crime is charged against Mr. Delfin in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

## INSTRUCTION NO. 11

A person has possession of something if the person knows of its presence and has physical control of it or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

## INSTRUCTION NO. 12

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes,

attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

## INSTRUCTION NO. 13

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who

violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

## INSTRUCTION NO. 14

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

## INSTRUCTION NO. 15

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the Government has proved its case against Mr. Delfin beyond a reasonable doubt.

# INSTRUCTION NO. 16

Mr. Delfin is charged in Count One of the Superseding Indictment with conspiracy to distribute methamphetamine in violation of Sections 841(a) and 846 of Title 21 of the United States Code. For Mr. Delfin to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about June 1, 2023, and ending on or about November 30, 2023, there was an agreement between two or more persons to distribute methamphetamine; and

Second, Mr. Delfin joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

"To distribute" means to deliver or transfer possession of methamphetamine to another person, with or without any financial interest in that transaction.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted

in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object or purpose of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by knowingly participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who knowingly joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

## INSTRUCTION NO. 17

Mr. Delfin is charged in Count Two of the Superseding Indictment with possession of methamphetamine with intent to distribute in violation of Section 841(a)(1) of Title 21 of the United States Code. For Mr. Delfin to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, Mr. Delfin knowingly possessed any controlled substance; and

Second, Mr. Delfin possessed it with the intent to distribute it to another person.

The Government is not required to prove the amount or quantity of the methamphetamine. It need only prove beyond a reasonable doubt that there was a measurable or detectable amount of methamphetamine. It does not matter whether Mr. Delfin knew the substance was methamphetamine. It is sufficient that Mr. Delfin knew that it was some kind of federally controlled substance. To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of methamphetamine to another person, with or without any financial interest in the transaction.

## INSTRUCTION NO. 18

An act is done knowingly if Mr. Delfin is aware of the act and does not act through ignorance, mistake, or accident. The Government is not required to prove that Mr. Delfin knew his acts or omissions were unlawful. You may consider evidence of Mr. Delfin's words, acts, or omissions, along with other evidence, in deciding whether Mr. Delfin acted knowingly.

## INSTRUCTION NO. 19

You have heard evidence that Mr. Delfin was convicted in 2018 for distribution of more than ten grams of methamphetamine and that he was involved in transporting methamphetamine between November 2022 and May 2023. He is not charged here with committing these acts. You may consider this evidence only for its bearing, if any, on the question of Mr. Delfin's intent, motive, opportunity, preparation, plan, knowledge, or absence of mistake and for no other purpose. You may not consider this evidence as evidence of guilt of the crime for which Mr. Delfin is now on trial.

However, the indictment charges that the offense alleged in Counts One and Two was committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in Counts One and Two the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

## INSTRUCTION NO. 20

You have heard testimony of eyewitness identification. In deciding how much weight to give to this testimony, you may consider the various factors mentioned in these instructions concerning credibility of witnesses.

In addition to those factors, in evaluating eyewitness identification testimony, you may also consider the following:

First, the capacity and opportunity of the eyewitness to observe the suspect based upon the length of time for observation and the conditions at the time of observation, including lighting and distance;

Second, whether the identification was the product of the eyewitness's own recollection or was the result of subsequent influence or suggestiveness;

Third, any inconsistent identifications made by the eyewitness;

Fourth, the witness's familiarity with the subject identified;

Fifth, the strength of earlier and later identifications;

Sixth, lapses of time between the event and the identification[s]; and

Seventh, the totality of circumstances surrounding the eyewitness's identification.

# INSTRUCTION NO. 21

The case against codefendants are not before you. Do not speculate why. This fact should not influence your verdict with reference to the remaining defendant, and you must base your verdict solely on the evidence against Mr. Delfin.

## INSTRUCTION NO. 22

You have heard testimony that Mr. Delfin made statements. It is for you to decide (1) whether Mr. Delfin made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which Mr. Delfin may have made it.

## INSTRUCTION NO. 23

You have heard testimony from Christina Navarette, Alexio Aguirre, Jim Neaderhiser, and Deann Tackman that they each were convicted of a crime arising out of the same events for which Mr. Delfin is on trial. These convictions are not evidence against Mr. Delfin, and you may consider them only in determining each witness's believability.

For this reason, in evaluating the testimony of Ms. Navarette, Mr. Aguirre, Mr. Neaderhiser, and Ms. Tackman, you should consider the extent to which or whether his or her testimony may have been influenced by any of these factors. Additionally, you should examine the testimony of these witnesses with greater caution than that of other witnesses.

## INSTRUCTION NO. 24

You have heard testimony from Lieutenant Tyler Barrett, who testified about his opinions and the reasons for those opinions. This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witnesses' knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

## INSTRUCTION NO. 25

During the trial, a posterboard of photographs was shown to you to help explain the evidence in the case. This posterboard was not admitted into evidence and will not go into the jury room with you. It is not evidence or proof of any facts. If it does not correctly reflect the facts shown by the evidence in the case, you should disregard the posterboard and determine the facts from the underlying evidence.